**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SERGIO VELAZQUEZ CORNERO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DAVID J. VENTURELLA,** *in his official* | § | |
| *capacity as* Senior Official Performing the | § | |
| Duties of the Director of U.S. Immigration | § | **EP-26-CV-01366-DCG** |
| and Customs Enforcement; *and* | § | |
| **MARKWAYNE MULLIN,** *in his official* | § | |
| *capacity as* Secretary, U.S. Department of | § | |
| Homeland Security, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

**ORDER DENYING MOTION TO DISMISS AND**
**REQUIRING RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER**

For the following reasons, the Court **DENIES** Respondents' Motion to Dismiss (ECF

No. 19) and **ORDERS** Respondents to respond to Petitioner's Motion for Temporary

Restraining Order (ECF No. 21).

**I.      DISCUSSION**

**A.      Motion to Dismiss**

Respondents move to dismiss Petitioner Sergio Velazquez Cornero's ("Petitioner")

"Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 3).[1] They argue that

---

[1] Mot. Dismiss, ECF No. 19.

"Petitioner was transferred to the District of New Mexico prior to the filing of the Petition and therefore there is no jurisdiction in this case."[2]

Under 28 U.S.C. § 2241, courts may grant writs of habeas corpus to individuals who are "in custody in violation of the Constitution or laws or treaties of the United States."[3] This power is limited to the courts' "respective jurisdictions."[4] "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States," the default rule is that "he should . . . file the petition in the district of confinement."[5]

To determine whether a *pro se* immigration detainee has met a filing deadline, this Court has deemed that "documents [are] filed on the date they are delivered to the detention facility's authorities for mailing."[6] Thus, the detention facility from which a petitioner mails their petition dictates their "district of confinement" for purposes of assessing whether the Court has jurisdiction.

---

[2] *Id.* at 1. Respondents also state that Petitioner was sent to Florida prior to the filing of the Petition. Mot. Dismiss at 1. As such, the Court requires Respondents to clarify the record as provided below.

[3] 28 U.S.C. § 2241(c); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[4] *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citation modified) (quoting 28 U.S.C. § 2241(a)).

[5] *See id.* at 446 (citing *Al-Marri v. Rumsfeld*, 360 F.3D 707, 710, 712 (7th Cir. 2004)).

[6] *See* Order to Redact Filings at 3 n.8, *Alvarado Garcia v. Watkins*, 3:26-CV-00857 (W.D. Tex. Mar. 30, 2026), ECF No. 2.

*See also, e.g.*, *Phadael v. Ripa*, No. 3:24-CV-22227, 2024 WL 3088350, at *1 n.1 (S.D. Fla. June 21, 2024) ("Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citation modified)); *see also, e.g.*, *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) (holding in a slightly different context that "the prison mailbox rule applies to pro se detainees in immigration proceedings").

Here, the United States Postal Service postmarked the Petition on **May 5, 2026**.[7] According to Respondents, "Petitioner was transferred out of El Paso on **May 9, 2026** and sent to the Krome ICE facility in Florida."[8] The Court then received and filed the Petition on the public docket on **May 13, 2026**.[9] Petitioner will benefit from the "mailbox rule"[10] because he mailed the Petition while still detained in this District.[11]

The Court concludes that Petitioner was detained in the Western District of Texas when he filed the Petition. Likewise, the Court has already held that a "post-filing relocation to [another state] didn't divest the Western District of Texas of jurisdiction over the Petition."[12] The Court thus (1) retains jurisdiction over the Petition and (2) denies Respondents' request to "either dismiss this Petitioner for want of jurisdiction or transfer this case to the Southern District of Florida."[13]

---

[7] *See* Pet., ECF No. 3, at 15.

The Court infers that Petitioner delivered the Petition to the detention facility's authorities by or before that date.

[8] *See* Mot. Dismiss at 1 (emphasis added).

*Contra id.* (also stating that Petitioner was sent to New Mexico before this Petition was filed).

[9] *See* Pet. at 1.

[10] *See infra* note 6 and accompanying text.

[11] *See* Pet. at 8.

[12] *See Sambissa v. Noem*, No. 3:25-CV-00237, 2025 WL 2946619, at *3 (W.D. Tex. Aug. 31, 2025).

[13] Mot. Dismiss at 3.

### B.    Motion for Temporary Restraining Order

Petitioner moves the Court to issue a Temporary Restraining Order ("TRO") "preventing immigration officials from removing Mr. Velazquez to a third country without providing him constitutionally and statutorily compliant notice and a meaningful opportunity to contest the designation in reopened removal proceedings."[14]

Because Respondents assert that they have already transferred Petitioner from Texas to New Mexico and Florida, it is possible that Petitioner's removal is imminent or has already occurred. If so, this could moot the Motion and Petition. To ensure that the record reflects such developments, the Court will order Respondents to respond to Petitioner's Motion.

Under the Local Rules, Respondents' response to Petitioner's TRO Motion would ordinarily be due on June 19, 2026.[15] Given the time-sensitive nature of the relief that Petitioner requests, however, the Court sees fit to shorten that deadline.

## II.    CONCLUSION

For these reasons, the Court **DENIES** Respondents' Motion to Dismiss (ECF No. 19).

The Court **ORDERS** Respondents to respond to Petitioner's Motion for Temporary Restraining Order (ECF No. 21) **no later than Tuesday, June 9, at 10:00 AM Mountain Time**. Respondents **SHALL** confirm:

(1)    Petitioner's current location; *and*

(2)    whether Petitioner has been removed from the United States; *or*

(3)    whether Petitioner is likely to be removed in the foreseeable future, and if so:

---

[14] *See* Mot. TRO, ECF No. 21, at 1.

[15] *See* W.D. TEX. L.R. CV-7(d) (providing (with exceptions not applicable here) that a response to a motion "shall be filed not later than 14 days after the filing of the motion").

(A) to which country; and

(B) whether he has had or will have "a meaningful opportunity to contest the [third-country] designation for fear of persecution or torture."[16]

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Senior Official Performing the Duties of the Director of ICE **David J. Venturella** in place of former Acting Director Todd M. Lyons as a named Respondent in this case.[17]

**So ORDERED and SIGNED this 5th day of June 2026.**

---

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[16] *See* Mot. TRO at 5.

[17] *Compare* Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").