**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SERGIO VELAZQUEZ CORNERO,**<br><br>***Petitioner*,**<br>**v.**<br><br>**DAVID J. VENTURELLA,** *in his official capacity as* Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; *and* **MARKWAYNE MULLIN,** *in his official capacity as* Secretary, U.S. Department of Homeland Security,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01366-DCG** |

**ORDER REQUIRING RESPONDENTS TO PROVIDE STATUS UPDATE**

Petitioner Sergio Velazquez Cornero challenges Respondents' authority to continue detaining him while they facilitate his removal from the United States.[1] Because Petitioner argues that 8 U.S.C. § 1231(a)(6) no longer authorizes his continued detention,[2] whether Petitioner's removal is "significantly likely in the reasonably foreseeable future" could determine the outcome of this case.[3]

---

[1] *See generally* Pet., ECF No. 3.

[2] *See id.* at 6 (arguing that "Petitioner's continued detention by respondent[s] is unlawful and contraven[es] 8 U.S.C. § 1231(a)(b) [sic]" because his removal "is not reasonably foreseeable").

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [under 8 U.S.C. § 1231(a)(6)] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

Responding to Petitioner's "Motion for Temporary Restraining Order" (ECF No. 21), Respondents argued that "Petitioner's removal is not imminent."[4] That, of course, suggests that Petitioner's removal ***is not*** "significantly likely in the reasonably foreseeable future."[5] Before ruling on that issue, though, the Court will order Respondents to provide a status update regarding their removal efforts.[6]

The Court therefore **ORDERS** Respondents to **FILE** a **BRIEF** **by Thursday, August 27, 2026** indicating:

(1) the country to which Respondents currently plan to remove Petitioner;

(2) whether that country has agreed to accept Petitioner;

(3) whether Petitioner's removal to that country depends on him accepting removal to that country; and

(4) the timeframe in which Respondents expect to effect Petitioner's removal.

If Respondents plan to remove Petitioner to Mexico under the CHNV program, that brief must also **ADDRESS** whether Petitioner's removal is foreseeable under the Court's analysis in its order granting habeas relief in *Pablo Pablo v. Venturella*.[7]

---

[4] *See* Resp'ts' Opp. Mot. TRO, ECF No. 27, at 2; *see also id.* at 10 ("[T]here is no imminent removal.").

[5] *See supra* notes 2–3 and accompanying text.

[6] Respondents haven't substantively responded to Petitioner's argument that his removal isn't reasonably foreseeable. *See generally* Resp. & Mot. Dismiss, ECF No. 19. Instead, in their Response and Motion to Dismiss, Respondents argued that the Court didn't have jurisdiction over the Petition on the purported basis that Petitioner filed this case after the Government transferred him out of the Western District of Texas. *See generally id.* Although the Court rejected that argument, *see* Order Den. Mot. Dismiss, ECF No. 22, at 1–3, Respondents still haven't addressed Petitioner's foreseeability arguments.

[7] *See Pablo Pablo v. Venturella*, No. EP-25-CV-00566-DCG, 2026 WL 2294407, at *7–8 (W.D. Tex. Aug. 7, 2026) (Guaderrama, J.) (concluding that an alien's removal to Mexico under the CHNV program wasn't reasonably foreseeable where the alien did not accept removal to Mexico).

**So ORDERED and SIGNED this 20th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**